Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ANTONIO NICHOLS<br>*Plaintiff*<br>*(Write your full name. No more than one plaintiff may be named in a complaint.)*<br>-v-<br>GEORGE ADAMS, THOMAS WOODFIN<br><br><br><br><br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)* | Case No. 2:20-cv-28-LSC-JEO<br>*(to be filled in by the Clerk's Office)* |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

## I. The Parties to this Complaint

### A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | Antonio Nichols |
| All other names by which you have been known: | |
| ID Number | AIS#157833 |
| Current Institution | William E. Donaldson |
| Address | 100 Warrior Lane |
| | Bessemer / Alabama / 35023 |
| | *City* / *State* / *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed

Defendant No. 1

| | |
|---|---|
| Name | George Adams |
| Job or Title *(if known)* | Chaplain |
| Shield Number | |
| Employer | Alabama Department of corrections |
| Address | 100 Warrior Lane |
| | Bessemer / Alabama / 35023 |
| | *City* / *State* / *Zip Code* |

[X] Individual Capacity   [X] Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | Thomas Woodfin |
| Job or Title *(if known)* | Pastrol program suprevisor |
| Shield Number | |
| Employer | Alabama Department of Corrections |
| Address | 301 S. Ripley Street, P.O.Box 301501 |
| | Montgomery / Alabama / 36130 |
| | *City* / *State* / *Zip Code* |

[X] Individual Capacity   [X] Official Capacity

2

Defendant No. 3

    Name  
    Job or Title *(if known)*  
    Shield Number  
    Employer  
    Address  

                                  *City*             *State*          *Zip Code*  
    ☐ Individual Capacity    ☐ Official Capacity

Defendant No. 4

    Name  
    Job or Title *(if known)*  
    Shield Number  
    Employer  
    Address  

                                  *City*             *State*          *Zip Code*  
    ☐ Individual Capacity    ☐ Official Capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

        ☐    Federal officials (a *Bivens* claim)

        ☒    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?  
First Amendment free exercise religious faith, Fourteenth Amendment equal protection of law (see attached pages)

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other _____
   *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.
       See attached pages.
_____

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
       See attached pages.
_____

    C.    What date and approximate time did the events giving rise to your claim(s) occur?
See attached pages.

    D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*
See attached pages.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.
See attached pages.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.
See attached pages.

1. Plaintiff avers that he is being denied his rights by defendant George Adams chaplain at William E. Donaldson facility and Thomas Woodfin member of Alabama Department of Corrections Religious Activities Review Committee imposing a substantial burden on the religious exercise of his religious faith of Metu Neter in violation of 42 U.S.C. §2000 cc-1.

2. The defendants admit that Plaintiff is a true practitioner of the Metu Neter faith and they allowed him and other prisoners who practice the Metu Neter faith to establish a Metu Neter community at the William E. donaldson facility.

3. The defendants have given Plaintiff and the Metu Neter community two days and a hour for each Metu Neter service. However, the defendants refuse to provide Plaintiff and the Metu Neter community a set space and/or place for services.

4. From January,2018, until the present date the defendants for no valid reasons have imposed a substantial burden on Plaintiff's exercise of his religious faith of Metu Neter, by denying his numerous requets, complaints, and grievances for: space and/or place for Metu Neter services; sacred ceremonial grounds for worship; religious diet meals; cultural observance and special Holy days: fast breaking feast and Harvest feast during exquinox period; natural cleansing supplies; family nights; beard exemption; and instruments.

5. From May,2018, until the present date, Plaintiff has filed numerous religious requests, complaints and grievances

with the defendants to hold a Metu Neter Holy day fast breaking feast and Harvest feast during exquinox. The defendants denied Plaintiff's requests.

6. Shortly after the defendants denied Plaintiff's religious requests to hold Metu Neter Holy day fast breaking feast and Harvest feast, the defendants wrote Plaintiff requesting him to provide authority in a book for his religious requests for Metu Neter Holy days fast breaking feast and Harvest feast.

7. Plaintiff then provided the defendants volumes 1-9 Metu Neter books. The defendants then wrote Plaintiff and asked him to provide a page number. Plaintiff then provided the defendants MTU NTR vol 4 pages 32-73. The defendants made no more decisions on Plaintiff' Plaintiff's religious requests to hold Metu Neter Holy days fast breaking feast and Harvest feast during exquinox period.

8. On November 14, 2019, Plaintiff made another religious request to the defendants to allow him and the Metu Neter community to hold a Metu Neter Holy day fast breaking feast and Harvest feast during exquinox period. The defendants have refused to answer Plaintiff's religious request to hold a Metu Neter Holy day fast breaking feast and Harvest feast during exquinox period.

9. Plaintiff has asked the defendants from January,2018, to the present date to tell him what is the penalogical objective in denying him space and/or place for Metu Neter services; sacred ceremonial grounds for worship; religious meals; cultural observance and special Holy days: fast breaking feast and Harvest feast during exquinox period; natural cleansing supplies; family

nights; beard exemption; and instruments. The defendants have not provided Plaintiff with a answer.

10. Plaintiff avers that the defendants are discriminating against him and violating his rights under 42 U.S.C. § 2000 cc by denying his religious requests, while they grant similar request of prisoners who practice Islam, christianity, Wiccan, Native American and Jewism. These prisoners are allowed "space and/or place for services; sacred ceremonial grounds for worship, religious diet meals; cultural observances and special Holy day feasts; family nights; beard exemptions; and instruments.

11. Plaintiff avers that defendant Adams has intentionally tried to prevent prisoners at the William Donaldson facility from attending Metu Neter services.

12. Plaintiff avers that the defendants are intentionally denying his religious requests because he does not practice any religion other prisoners practice that are adopted by the defendants.

13. Plaintiff avers that the defendants decisions to deny his religious requests are based on their personal opinions and not the law.

14. Plaintiff avers that the burden defendants are imposing on him are not in furtherance of a compelling Government interest and is not the least restrictive means of furthering any compelling Government interest.

WHEREFORE, Plaintiff request that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The substantial burden placed on Plaintiff exercise of his religious faith of Metu Neter, by the defendants George Adams and Thomas Woodfin denying his religious requests for "Space and/or place for Metu Neter services; sacred ceremonial grounds for worship; religious diet meals; cultural observance and special Holy days: fast breaking feast and Harvest feast during exquinox period; natural cleansing supplies; family nights; beard exemption; and instruments;" violates Plaintiff's rights under 42 U.S.C. § 2000 cc.

2. The defendants actions of denying Plaintiff's religious request for: "space and/or place for Metu Neter services; sacred ceremonial grounds for worship; religious diet meals; cultural observance and special Holy days: fast breaking feast and Harvest feast during exquinox period; natural cleansing supplies; family nights; beard exemption; and instruments;" while granting similar religious requests for prisoners who practice Islam, christianity; Jewism, Wiccan, and Native American religious faiths, violates Plaintiff's rights under 42 U.S.C. § 2000 cc.

B. Issue an injunction ordering defendants George Adams and Thomas Woodfin to:

1. Immediately grant Plaintiff's religious request for: "space and/or place to hold Metu Neter services; sacred ceremonial grounds for worship; religious diet meals; cultural observances and Holy days: fast breaking feast and Harvest feast during exquinox period; natural cleansing supplies; family nights; beard exemption; and instruments."

C. Award Nominal damages in the following amounts:

1. $100,000 jointly and severally against defendants Adams and Thomas for (1) the substantial burden imposed on Plaintiff's rights of exercising his religious faith of Metu Neter; and (2) denying Plaintiff's religious requests while granting similar religious requests for prisoners who practice Islam, christianity, Jewism, Wiccan, and Native American religious faiths.

D. Award punitive damages in the following amounts:

1. $5,000 each against defendants Adams and Thomas Woodfin.

E. Order the defendants to Amend Alabama Department of Corrections Administrative Regulation #462 with the Religious Faith of Metu Neter.

F. Grant such other relief as it may appear that Plaintiff is entitled.

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
William E. Donaldson facility

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Do Not Know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do Not Know

If yes, which claim(s)?

_____

_____

6

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance

1. Where did you file the grievance?

   ADOC Religious Activities Review Committee

2. What did you claim in your grievance?

   See attached pages.

3. What was the result, if any?

   Denied and ignored. (See attached pages)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   See attached pages.

7

F.  If you did not file a grievance:

   1.  If there are any reasons why you did not file a grievance, state them here:

   2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   3.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

       See attached pages.

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☒ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

N/A

8

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX. Certification and Closing

Under Federal Rule of Civil-Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

| | |
|---|---|
| **Printed Name of Plaintiff** | ANTONIO Nichols |
| **Prison Identification #** | 157833 |
| **Prison Address** | 100 warrior lane K-54 |
| | Bessemer   Al   35023 |
| | *City*   *State*   *Zip Code* |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12-10-19
            (Date)

Antonio Nichols
Signature of Plaintiff

10